**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAX REED II, | No. 16-16024 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00313-MMD-VPC |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Nevada state prisoner Max Reed, II, appeals pro se from the district court's

orders denying his motions for a preliminary injunction and a temporary

restraining order in his 42 U.S.C. § 1983 action alleging access-to-courts and other

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of discretion. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying Reed's requests for mandatory injunctive relief because Reed failed to establish that he is likely to suffer irreparable harm in the absence of such relief. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160-61 (9th Cir. 2011) (stating that mandatory injunctions are not generally granted unless "extreme or very serious damage will result" (citation and internal quotation marks omitted)); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for temporary restraining order and preliminary injunction are "substantially identical").

We reject as without merit Reed's contention that the district court erred by failing to hold an evidentiary hearing on his motions for a preliminary injunction and temporary restraining order.

The district court did not abuse its discretion by denying Reed's motion for

reconsideration because Reed failed to demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider issues raised or evidence introduced for the first time on appeal. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**